UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROBERTO ANDRES MORALES,

                                Plaintiff,

           v.

PEPSI CO INC.,

                                Defendant.

_____

DECISION & ORDER

16-CV-6597W

Currently pending before this Court is defendant's motion to compel and for a protective order. (Docket # 16). Defendant requests that the Court order plaintiff (1) to appear for a deposition; (2) to provide mandatory disclosures including witness and damage information; and, (3) to provide complete responses to defendant's interrogatory and document requests. (Docket # 16-1 at ¶ 36). Defendant also seeks a protective order excluding Bobby Campbell from attending plaintiff's deposition and any other depositions in this action. (*Id.* at ¶ 48). Plaintiff filed no opposition with the Court, although defendant's reply attaches as an exhibit a response sent directly by plaintiff to defendant's counsel. (Docket # 20-2). For the reasons explained below, defendant's motion to compel and for a protective order (Docket # 16) is granted.

I. **Motion to Compel**

The parties met with Judge Feldman for a status conference on June 30, 2017, to discuss discovery in this case.[1] (Docket # 14). At the conference, defendant's counsel noted that

---

[1] On August 23, 2017, United States District Judge Elizabeth A. Wolford referred the matter to the undersigned for further pretrial proceedings. (Docket # 18).

plaintiff had not responded to the First Set of Interrogatories and First Request for Production of Documents and asked that Judge Feldman order plaintiff to respond to these outstanding discovery requests. Judge Feldman declined, observing that a deposition would be a more effective method to obtain the information sought in the interrogatories. Judge Feldman explained to plaintiff that he would be required to attend a deposition; Judge Feldman also explained that plaintiff would need to provide to defendant's counsel all documents in his possession relating to his claims and his alleged damages, including those he intends to rely upon to prove his claims. Judge Feldman ordered the parties to confer and set a date for plaintiff's deposition. (*Id.*). Judge Feldman also ordered plaintiff to provide his document disclosures at least ten days prior to the deposition. (*Id.*).

In its pending motion, defendant asserts that plaintiff has been uncooperative in scheduling his deposition. (Docket ## 16-1 at ¶¶ 24-35; 16 at Ex. P). Plaintiff's response, which was not filed with the Court as it should have been, provides no explanation for his failure to communicate in order to schedule the deposition at a time convenient to all parties. (Docket # 20-2). Under the rules, as Judge Feldman previously explained to plaintiff, the defendant is entitled to depose plaintiff about "any nonprivileged matter that is relevant to . . . [a] claim or defense" in this action. Fed. R. Civ. P. 26(b)(1), 30(a)(1).

Accordingly, the parties are directed to confer to set a deposition date for plaintiff and to notify the Court by **December 15, 2017** of the scheduled date. The deposition shall be held no later than **January 31, 2018**. No extensions shall be granted. In addition, not less than ten (10) days before his scheduled deposition, plaintiff is directed to provide to counsel for defendant all documents relating to his claims against the defendant and his claimed damages, including any documents he intends to rely upon to prove his claims and damages.

2

**PLAINTIFF IS HEREBY ADVISED THAT FAILURE TO APPEAR FOR HIS DEPOSITION, OR TO COMPLY FULLY WITH THIS ORDER, MAY SUBJECT HIM TO SANCTIONS PURSUANT TO FED. R. CIV. P. 37(b)(2)(A) and 37(d)(1)(A), INCLUDING DISMISSAL OF THIS ACTION WITH PREJUDICE.** *See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298 (2d Cir. 2009) (dismissing case for noncompliance in discovery).

## II. Motion for Protective Order

Defendant also requests that the Court issue an order excluding plaintiff's brother, Bobby Campbell, from attending plaintiff's deposition and any future depositions in this action. (Docket # 16-1 at ¶ 48). Defendant notes that, as this Court is aware, Campbell has filed and is prosecuting his own lawsuit against defendant, which raises claims similar to those asserted by plaintiff in this action. *See Campbell v. Pepsi Beverages Inc.*, No. 6:16-cv-6600-DGL-MWP (W.D.N.Y. Aug. 29 2016) (Docket # 1). Indeed, in that case, this Court granted defendant's request for a protective order precluding Morales from attending Campbell's deposition. *Id.* at Docket # 33.

The court may, for good cause, designate the persons to be present at a deposition in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1)(E). The district court may enter such a protective order based on a "particular and specific demonstration of facts." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). Here, Campbell is not a party to the instant lawsuit, but he is likely to be an important fact witness in the litigation and is, of course, a plaintiff in his own lawsuit involving similar claims against the same defendant. Campbell's presence at plaintiff's

3

deposition may influence, consciously or subconsciously, his recollection of events and his subsequent testimony. *See Calhoun v. Mastec, Inc.*, 2004 WL 1570302, *3 (W.D.N.Y. 2004) (excluding husband from attending his wife's depositions because the testimony "might influence his subsequent testimony, consciously or subconsciously, and could alter his recollection of events"). Moreover, Morales's identification of Campbell as "his consultant/advisor" who is a part of his "pro se litigation team" (Docket ## 16-20) does not justify Campbell's attendance at the deposition because he is not entitled to obtain legal advice from a non-attorney. *See* 28 U.S.C. § 1654.

## CONCLUSION

For the reasons discussed above, defendant's motion to compel and for a protective order **(Docket # 16)** is **GRANTED**.

The Court's August 8, 2017 Amended Scheduling/Case Management Order (Docket # 15) shall be amended as follows:

1. All factual discovery in this case, including depositions, shall be completed on or before **January 31, 2018**. All motions to compel discovery shall be filed by no later than **January 31, 2018**.

2. Dispositive motions, if any, shall be filed no later than **March 16, 2018**. Unless a consent to proceed before this Court has been filed, such motions shall be made returnable before Judge Wolford. **NOTE: If the dispositive motion is filed against a party who is appearing in this action *pro se*, the moving party must include the advisement set forth in the notice attached to this Order.**

3. A <u>trial date status conference</u> pursuant to Fed. R. Civ. P. Rule 16(e) and Local Rule 16 will be held, if necessary, at a date and time to be determined by the trial judge after determination of dispositive motions.  If no dispositive motions are filed, counsel shall **<u>immediately</u>** contact the trial judge so that a trial date status conference can be scheduled.

At least seven (7) days prior to the trial date status conference, the parties shall file a joint case status report setting forth the information described below.  If the parties disagree as to the information to be provided, the report must set forth their different responses.  The joint status report shall contain:

(1) <u>Nature of the Case</u>: Set forth a brief description of the action, identifying the parties, all counsel of record, the relief requested, any affirmative defenses and any relationship the case may have to other pending actions.

(2) <u>Motion Practice</u>: Are any motions, dispositive or non-dispositive, pending?  If so, briefly describe the motion.  Explain if additional motion practice is necessary before the matter is ready to be tried.

(3) <u>Settlement</u>: Describe the status of settlement negotiations.  If the parties believe a court supervised settlement/mediation conference would be of assistance in resolving the case or narrowing disputed issues, please state.

(4) <u>Trial</u>: State whether the case is ready for trial.  If not, explain why. Set forth an estimate of how long the trial will take and whether the case is jury or non-jury.

**IT IS SO ORDERED.**

                                                    *s/Marian W. Payson*
                                                  MARIAN W. PAYSON
                                            United States Magistrate Judge

Dated:  Rochester, New York
         November 30, 2017

# *PRO SE* NOTICE

**Plaintiff is hereby advised that the defendant has asked the Court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. THE CLAIMS PLAINTIFF ASSERTS IN HIS/HER COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF HE/SHE DOES NOT RESPOND TO THIS MOTION by filing his/her own sworn affidavits or other papers as required by Rules 56(c) and (e) of the Federal Rules of Civil Procedure. An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial.**

**In short, Rule 56 provides that plaintiff may NOT oppose summary judgment simply by relying upon the allegations in the complaint. Rather, plaintiff must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial. Any witness statements, which may include plaintiff's own statements, must be in the form of affidavits. Plaintiff may file and serve affidavits that were prepared specifically in response to defendant's motion for summary judgment.**

**Any issue of fact that plaintiff wishes to raise in opposition to the motion for summary judgment must be supported by affidavits or by other documentary evidence contradicting the facts asserted by defendant. If plaintiff does not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by defendant, the Court may accept defendant's factual assertions as true. Judgment may then be entered in defendant's favor without a trial.**

**Pursuant to Rules 7(a) and 56(a) of the Local Rules of Civil Procedure for the Western District of New York, plaintiff is required to file and serve the following papers in opposition to this motion: (1) a memorandum of law containing relevant factual and legal argument; (2) one or more affidavits in opposition to the motion; and (3) a separate, short, and concise statement of the material facts as to which plaintiff contends there exists a genuine issue to be tried, followed by citation to admissible evidence. In the absence of such a statement by plaintiff, all material facts set forth in defendant's statement of material facts not in dispute will be deemed admitted. A copy of the Local Rules to which reference has been made may be obtained from the Clerk's Office of the Court.**

**If plaintiff has any questions, he/she may direct them to the Pro Se Office.**

**Plaintiff must file and serve any supplemental affidavits or materials in opposition to defendant's motion no later than the date they are due as provided in Rule 7(b) of the Local Rules of Civil Procedure for the Western District of New York.**