UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERTO ANDRES MORALES,

          Plaintiff,

   v.

PEPSI CO INC.,

          Defendant.
_____

DECISION & ORDER

16-CV-6597L

On August 26, 2016, *pro se* plaintiff Roberto Andres Morales ("Morales") filed this lawsuit against his former employer Pepsi Co Inc. ("defendant") pursuant to Title VII of the Civil Rights Act of 1962, 42 U.S.C. §§ 2000e, *et seq.*, and the New York State Human Rights Law §§ 290, *et seq.*, alleging that defendant discriminated against him on the basis of his race. (Docket # 1). Currently pending before this Court is defendant's motion for sanctions or to compel. (Docket # 24). Also pending before the Court is defendant's unopposed motion to amend the caption. (Docket # 34). For the reasons explained below, defendant's motion for sanctions and to compel (Docket # 24) is granted in part and denied in part, and its motion to amend the caption (Docket # 34) is granted.

I.  **Motion for Sanctions or to Compel (Docket # 24)**

Defendant requests that the Court impose the severe sanctions of dismissal or evidentiary preclusion based upon Morales's alleged failure to comply with this Court's November 30, 2017 Decision & Order. (Docket # 24). Alternatively, defendant requests that the Court compel Morales to produce certain categories of documents, to execute several

authorizations for the release of records, and to sit for an additional deposition, and issue an order awarding defendant the costs associated with the motion. (*Id.*). Plaintiff opposes the motion, maintaining that he has done his best to comply with his discovery obligations, that the documents requested are not readily available to him, and that his medical records are not relevant to the claims asserted in this action.[1] (Docket # 28).

The parties previously were before the Court seeking assistance with the discovery process and setting a date for Morales's deposition.[2] (Docket ## 14, 16, 20, 23). This Court directed the parties to confer and to set a deposition date for Morales. (Docket # 23). The Court also directed Morales to "provide to counsel for defendant all documents relating to his claims against the defendant and his claimed damages, including any documents he intends to rely upon to prove his claims and damages." (*Id.*). The Court cautioned Morales that failure to comply with the order could result in sanctions, including dismissal. (*Id.*).

In accordance with the Court's direction, Morales's deposition was conducted on January 19, 2018. (Docket # 24-1 at ¶ 6). Also in accordance with the Court's order, on the evening of January 9, 2018, Morales produced to defendant's counsel approximately seventy-seven pages of documents, consisting primarily of text messages, notes, and a handwritten calculation of alleged damages. (*Id.* at ¶¶ 7-8). Defendant asserts that Morales

---

[1] Defendant maintains that the Court should not consider Morales's opposition on the grounds that it was not timely filed and fails to comply with the form requirements of the local rules. (Docket # 30 at ¶¶ 5-16). This Court's motion scheduling order set February 28, 2018, as Morales's response date. (Docket # 25). Morales's opposition was received by the Court on March 5, 2018, but it is impossible to determine from the filing whether Morales mailed the opposition to the Court and, if so, the date it was mailed. (Docket # 28). Further, the affidavit of service suggests that it was "furnished" on December 21, 2017, which must be an error because defendant's motion was made at the end of January 2018. Although Morales's opposition may have been a few days late and may not comply with the precise requirements of the local rules, the Court discerns no prejudice to defendant by these technical errors, and defendant has had an opportunity to fully respond to Morales's filing in its reply papers. Accordingly, the Court will consider Morales's opposition.

[2] This case was originally referred to United States Magistrate Judge Jonathan W. Feldman for non-dispositive matters, and he conducted conferences with the parties in January and June 2017. (Docket ## 10, 14). The case was referred to the undersigned on August 23, 2017. (Docket # 18).

testified at his deposition that he possessed other relevant documents. (Docket # 24-1 at ¶ 10). Unfortunately, defendant has failed to attach excerpts of the relevant deposition testimony. After the deposition, defendant's counsel wrote to Morales to request that he produce several categories of documents and execute several authorizations. (*Id.* at ¶ 12 and Ex. B). The letter set a deadline of one week to respond; when Morales did not respond by that date, defendants filed the pending motion. (*Id.* at ¶¶ 12-16).

Defendants seek the following categories of documents and authorizations: (1) electronic data (or copies of such data) discussed during Morales's deposition, including notes he allegedly made on his company phone, data and information stored on a "tablet," and text messages or screenshots, including those stored in Morales's iCloud account or email account; (2) a complete unredacted copy of the red "Casemate" notebook that Morales brought to his deposition; (3) documents relating to his application for and receipt of workers' compensation benefits; (4) email correspondence between Morales and his supervisors James Sapp, Jr., Jesse Pitts, and Robert Flaherty, including any correspondence stored in his iCloud account or iCloud email account; (5) documents relating to his application for and receipt of Medicaid and SNAP benefits since his termination on July 6, 2015; (6) documents relating to any previous complaints Morales filed with the New York State Division of Human Rights or the Equal Employment Opportunity Commission, or a release permitting defendant to obtain such documents; (7) Morales's employment and academic records, or releases permitting defendant to obtain such records; (8) medical records or releases permitting defendant to obtain such records; and (9) documents and records relating to the application for and receipt of unemployment benefits, or releases to obtain such records. (Docket # 24-1). I address each category of documents, below.

As an initial matter, I find that an award of sanctions or costs is not warranted on this record. Contrary to defendant's contention, my previous Order did not specifically direct Morales to produce all documents responsive to defendant's document requests. (Docket # 30 at ¶¶ 23-24). Rather, it directed Morales to produce, prior to his deposition, any documents relating to his claims, including those upon which he intended to rely, and documents relating to his damages. (Docket # 23). The record demonstrates he produced such documents ten days prior to his deposition. (Docket # 24-1 at ¶ 7). Defendant apparently did not raise any issue with respect to Morales's production at the time of his deposition, and nothing in its current motion demonstrates that Morales failed to comply with my Order.

With respect to the first two categories of documents sought – the electronic data and the red notebook – which were apparently discussed during Morales's deposition, defendant has provided the Court with very little information from which it can discern what the data and notebook purportedly contain or why they are relevant to this litigation. Indeed, the descriptions provided by defendants are so broad, vague, and unlimited in time or scope – i.e., "all data and information kept on any tablet" or "all text messages and text message screenshots" – that it is difficult for this Court, let alone a *pro se* litigant, to discern precisely what information defendant seeks. Without additional information, the Court declines to order production of any of this information. If Morales intends to rely upon or introduce any of this information during the trial of this matter, however, he must produce such information on or before **September 10, 2018**. **If not produced by that date, Morales should be precluded from introducing or relying upon any such documents or information**.

Concerning the third category of documents – those related to Morales's receipt of workers' compensation benefits – the record indicates that Morales executed an authorization

permitting release of these records. (Docket # 16-1 at ¶ 23). In the absence of any explanation from defendant as to why that authorization was insufficient to obtain the relevant records, the Court declines to order Morales to produce any additional records on this issue.

With respect to the fourth category of documents – emails between Morales and his supervisors – defendant observes that the records "would reflect communications Morales had with . . . supervisors" and assert that they are "therefore relevant to Morales's discrimination claims." (Docket # 24-1 at ¶ 32). In the absence of any explanation of the content of such emails or their relevance to Morales's claim of discrimination, the Court declines to order Morales to produce any additional emails. If Morales intends to rely upon or introduce during trial any of the emails or information contained therein, however, he must produce such emails on or before **September 10, 2018**. **If not produced by that date, Morales should be precluded from introducing or relying upon any such emails or the information contained therein**.

Categories five and nine seek documents related to compensation or benefits Morales may have received after he was terminated from the company, including payments from Medicaid, SNAP or unemployment. Defendants maintain that such documents are relevant to the issues of damages and mitigation. (Docket # 24-1 at ¶ 33). I agree. Accordingly, Morales is directed to produce, on or before **September 10, 2018**, any documents in his possession related to his application for or receipt of SNAP, Medicaid or unemployment after July 6, 2015, or to execute an authorization for the release of such information to defendants.

Categories six and seven seek prior complaints of discrimination made by Morales and his entire employment and academic history. Defendant has failed to establish the relevancy of Morales's academic history, prior employment history, or prior complaints of

discrimination. *See Bernstein v. Mafcote, Inc.*, 2014 WL 3579494, *5 (D. Conn. 2014) (declining to compel production of plaintiff's prior employment file on grounds that existence of prior grievances, complaints, charges or lawsuits made by plaintiff were irrelevant and information could be obtained through less intrusive means); *Lev v. S. Nassau Cmtys. Hosp.*, 2011 WL 3652282, *2 (E.D.N.Y. 2011) (prior employment files, including prior complaints, not relevant to discrimination claims); *cf. Ireh v. Nassau Univ. Med. Ctr.*, 2008 WL 4283344, *4-5 (E.D.N.Y. 2008) (plaintiff's prior employment and academic records not relevant to discrimination claim, but prior complaints of race discrimination were relevant), *aff'd*, 371 F. App'x 180 (2d Cir. 2010). Accordingly, I deny the request for an order compelling production or authorizations for the release of the requested records.

Morales's post-termination employment is relevant to the issue of damages, and Morales is directed to produce, on or before **September 10, 2018**, any documents he possesses reflecting compensation he received from any employer after July 6, 2015, the date of his termination. I deny defendant's request for an order compelling Morales to execute an authorization for the release of such information from any of his employers, as defendant has failed to demonstrate that it has been unable to obtain such information through less intrusive means, such as through Morales's deposition testimony or from documents in Morales's possession. *See Moll v. Telesector Res. Grp., Inc.*, 2016 WL 6093995, *3 (W.D.N.Y. 2016) ("[w]hile plaintiff cannot be permitted to avoid substantiating [his] claim of lost wages and reduced benefits, defendant has not justified burdening plaintiff's current employer or risking plaintiff's continued employment with the issuance of this subpoena[;] . . . courts within the Second Circuit have recognized, . . . because of the direct negative effect that disclosures of disputes with past employers can have on present employment, subpoenas in this context, if

warranted at all, should be used only as a last resort") (internal quotation omitted); *Warnke v. CVS Corp.*, 265 F.R.D. 64, 70 (E.D.N.Y. 2010) ("contrary to [d]efendant's assertions, it is not entitled to obtain this information directly from [p]laintiff's employers, but rather, must obtain the information from less intrusive means where possible[;] [t]he relevant information sought by [d]efendant in the [s]ubpoenas can be obtained from whatever records [p]laintiff has in his possession or control as well as through [p]laintiff's deposition") (footnote omitted). Accordingly, the request for releases is denied without prejudice to renewal in the event that defendant can demonstrate it has been unable to obtain this information through less intrusive means. Morales is advised that in the event he does not possess documents or information reflecting compensation he received from employment after July 6, 2015, defendants may subsequently be permitted to obtain documents reflecting this information directly from his current and former employers.

The final category seeks documents reflecting any medical treatment Morales received for any of the injuries alleged in the complaint and the execution of authorizations permitting the release of such records from Morales's medical providers. (Docket # 24-1 at ¶ 29). Defendant maintains that these records are relevant to Morales's claim for pain and suffering. (Docket ## 24-1 at ¶ 34; 30 at ¶ 26). Morales disagrees, maintaining that his medical records are not relevant to this action. (Docket # 28).

Defendant seeks wide-ranging access to Morales's medical files. Attached to its motion are authorizations for the release of medical records that are unlimited in time and directed to approximately fourteen separate providers. (Docket # 24-1 at Ex. B). Although this case involves allegations of employment discrimination, without any apparent physical injuries, the records defendant seeks appear to include physical therapy and anesthesiology records. (*Id.*).

7

Defendant has not explained how the treatment Morales received from any of the identified providers is relevant to Morales's claims.

To the extent that Morales seeks damages for non-garden variety emotional distress, I agree with defendant that any medical records reflecting mental health treatment provided to Morales to address such distress would be relevant and discoverable. *See E.E.O.C. v. Nichols Gas & Oil, Inc.*, 256 F.R.D. 114 (W.D.N.Y. 2009). In this context, "garden variety" refers to claims for compensation for nothing more than the distress that any healthy, well-adjusted person would likely feel as a result of the challenged actions. *See id.* at 121. If Morales is seeking more severe emotional distress damages than "garden-variety" distress damages, he must provide defendant's counsel, on or before **September 10, 2018**, an authorization permitting his mental health treatment provider to release his medical records to defendant. If Morales agrees that his claim for emotional damages is limited to a garden variety claim, he must submit to the Court, on or before **September 10, 2018**, a sworn affidavit attesting to the following representations:

1. He understands that his claim for emotional distress damages is limited to "garden variety" emotional distress damages, meaning nothing more than the distress that any healthy, well-adjusted person would likely feel as a result of the challenged actions;

2. He will not claim at trial that he suffered severe emotional distress or a diagnosed mental health condition;

3. He will not offer at trial any psychological or medical testimony or records to support his claims of emotional distress, including his own testimony that he sought treatment from a mental health professional; and,

4. He withdraws any prior claim for physical injury or non-garden variety emotional distress damages.

Defendant also requests an order compelling Morales to sit for another deposition in the event that relevant information and documents are produced by Morales or obtained by

8

defendant pursuant to any releases provided by Morales in accordance with this Order. (Docket # 24-1 at ¶ 48(c)). This request is denied without prejudice to renewal in the event defendant obtains specific additional information that defendant can demonstrate justifies additional deposition testimony from Morales.

Several of this Court's directions to Morales, outlined above, require him to provide defendant with executed authorizations. Defendant is directed, on or before **August 24, 2018**, to provide Morales with the authorizations that he needs to execute.

## II.     Motion to Amend Caption (Docket # 34)

Defendant maintains that Morales incorrectly sued "Pepsi Co, Inc." instead of "Bottling Group, LLC." (Docket # 34-1). According to defendant, Morales was never employed by Pepsi Co Inc., and the true defendant-in-interest is Bottling Group, LLC, which employed and paid Morales. (*Id.*). Thus, defendant requests that the caption be amended to reflect that Bottling Group, LLC is the defendant. (*Id.*).

On April 5, 2018, this Court issued a motion scheduling order requiring Morales to respond to defendant's motion to amend the caption by no later than April 20, 2018. (Docket # 35). Morales did not oppose the motion or request an extension of the deadline. Failure to oppose a pending motion may be fairly construed as a lack of opposition to the requested relief or as a waiver of the party's right to be heard in connection with the motion. *See*, *e.g.*, *Ellison v. Allstate Indem.*, 2013 WL 6191576, *2 (W.D.N.Y. 2013) ("[d]efendant's] motion to compel is granted on the grounds it is unopposed"); *Freudenvoll v. Target Corp.*, 2013 WL 6243706, *1 (W.D.N.Y. 2013) (same).

Accordingly, defendant's motion to amend the caption is granted.

9

## **CONCLUSION**

For the reasons discussed above, defendant's motion for sanctions or to compel **(Docket # 24)** is **GRANTED in PART and DENIED in PART**, and defendant's motion to amend the caption **(Docket # 34)** is **GRANTED**. The Clerk of the Court is directed to amend the caption to reflect "Bottling Group, LLC" as the defendant. Defendant is directed to provide authorizations for Morales's execution **on or before August 24, 2018**. Morales is directed to do the following **on or before September 10, 2018**:

1. Produce any data or information, including text messages, notes, notebooks, or emails, upon which he intends to rely during the trial of this matter. **If not produced by September 10, 2018, Morales should be precluded from introducing or relying upon any such documents or information contained therein**.

2. Produce any documents after July 6, 2015, related to his application for or receipt of SNAP, Medicaid, or unemployment in his possession, or execute authorizations for the release of such information to defendant.

3. Produce any documents Morales possesses reflecting compensation he received from any employer after July 6, 2015, the date of his termination.

4. Provide authorizations permitting his mental health treatment providers to release his medical records to defendant unless Morales stipulates that his claim for emotional damages is limited to a garden variety claim, in which case he must submit a sworn affidavit to the Court with the following representations:

   a) He understands that his claim for emotional distress damages is limited to "garden variety" emotional distress damages, meaning nothing more than the distress that any healthy, well-adjusted person would likely feel as a result of the challenged actions;

b) He will not claim at trial that he suffered severe emotional distress or a diagnosed mental health condition;

c) He will not offer at trial any psychological or medical testimony or records to support his claims of emotional distress, including his own testimony that he sought treatment from a mental health professional; and,

d) He withdraws any prior claim for physical injury or non-garden variety emotional distress damages.

**IT IS SO ORDERED.**

                                                               *s/Marian W. Payson*
                                                                MARIAN W. PAYSON
                                                        United States Magistrate Judge

Dated: Rochester, New York
         August 14, 2018